UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FETZER,

       Petitioner,

v.                            Case No: 2:24-cv-309-JES-KCD

STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILES, ADMINISTRATOR, FLORIDA CIVIL COMMITMENT CENTER, and JON CARNER,

       Respondents.

## OPINION AND ORDER

This matter comes before the Court on Petitioner Daniel Fetzer's "Writ of Habeas Corpus" (Doc. #1), which the Court construes as a petition for a writ of habeas corpus. Fetzer is currently in the custody of Florida's Department of Children and Families pending a trial to determine whether he is a sexually violent predator. Fetzer challenges the constitutionality of his confinement under 28 U.S.C. § 2241. Based on a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Fetzer is plainly not entitled to habeas relief on any ground in his petition.[1]

---

[1] District courts may apply Section 2254 Rules to habeas petitions not governed by 28 U.S.C. § 2254. Section 2254 Rule 1(b).

A Florida court convicted Fetzer of child abuse, child neglect, and escape in 1997. When his prison sentence ended in 2010, the State of Florida filed a petition to have Fetzer declared a sexually violent predator due to a 1985 Massachusetts conviction for assault with attempt to commit rape. Fetzer waived his right to a trial within 30 days, and the trial has yet to occur. The reason for the unusual delay is not entirely clear from the limited record here, but exhibits show Fetzer has filed multiple petitions asking Florida's appellate courts to prohibit the trial and order his release.

In his federal habeas petition, Fetzer argues various Florida and Massachusetts statutes of limitation bar Florida's petition to declare him a sexually violent predator. Fetzer uses the date of his Massachusetts rape conviction as the commencement date for the limitation periods. Although Fetzer couches his argument in constitutional terms, it arises purely under state law. Federal habeas relief is available to Fetzer only if he is in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3). Thus, Fetzer's objection to the timeliness of the commitment petition under state statutes of limitation is not cognizable in a federal habeas action.

Moreover, Florida courts have rejected Fetzer's timeliness argument based on Florida law. Most recently, Florida's Fifth

District Court of Appeal explained why while declining to issue a writ of prohibition:

> Fetzer does not dispute that he was in the lawful custody of the Department of Corrections at the time that the State initiated the instant civil commitment proceedings. Resultingly, under Florida Supreme Court precedent, the circuit court here has jurisdiction to adjudicate the State's commitment petition. See Larimore v. State, 2 So. 3d 101, 117 (Fla. 2008) (holding that "an individual must be in lawful custody when the State takes steps to initiate commitment proceedings pursuant to the Jimmy Ryce Act in order for the circuit court to have jurisdiction to adjudicate the commitment petition"). Fetzer has not disputed that he was also in the lawful custody of the Department of Corrections on January 1, 1999, when the Jimmy Ryce Act came into effect. See State Atkinson, 831 So. 3d 172, 174 (Fla. 2002) (holding that the Jimmy "Ryce Act is limited to persons who were in lawful custody on its effective date").
>
> Further, though Fetzer long ago served his sentence for the assault with intent to commit rape committed in Massachusetts, the circuit court is not precluded from exercising jurisdiction because the Jimmy Ryce Act does not require that the petition for involuntary commitment be filed while the sex offender is in custody for the enumerated sex offense. See Ward v. State, 986 So. 2d 479, 480, 483-84 (Fla. 2008) (holding that a petitioner who was convicted of rape in 1976 and released from prison in 1993 was nevertheless subject to Jimmy Ryce Act involuntary civil commitment proceedings initiated by the State in 2005 as the petitioner was in lawful custody at the time for the crimes of burglary of an unoccupied conveyance and possession of burglary tools); Hale v. State, 891 So. 2d 517, 522 (Fla. 2004) (holding that the Jimmy Ryce "Act applies to all persons who are currently incarcerated and who at some point in the past have been convicted of a sexually violent offense"—the Act does not require that the current incarceration be for a sexually violent offense).
>
> As previously indicated, Fetzer's challenge focuses on the trial court's denial of his motion to dismiss based on a statute of limitations defense. While we question whether Florida's statute of limitations even applies to

>  a Jimmy Ryce proceeding initiated when, as here, a defendant is in lawful custody, see Anderson v. State, 93 So. 3d 1201, 1209 (Fla. 1st DCA 2012) (Padovano, J., concurring) ("It is doubtful that the statute of limitations can be applied at all in a Jimmy Ryce Act proceedings, as there is no point at which the action can be said to have accrued."), prohibition is not available to review an allegedly erroneous order from the trial court rejecting an affirmative defense in a civil proceeding based on the statute of limitations.

(Doc. #1-1 at 107-09).  Even if Fetzer's argument fit into a federal law framework, Florida courts have rejected it based on an independent and adequate state law ground—i.e., the petition to declare Fetzer a sexually violent predator is timely under Florida law.  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal questions and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).  The Court will dismiss Fetzer's habeas petition.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because Fetzer is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability.  It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.

28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El, 537 U.S. at 335-36.  Fetzer has not made the requisite showing in these circumstances.  Because Fetzer is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is hereby

**ORDERED:**

Petitioner Daniel Fetzer's construed federal habeas petition (Doc. #1) is **DISMSISED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of April 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record